# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALVIN FAULKNER, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. ELH-19-363 |
| WARDEN WCI, | * | |
| Respondent | * | |
| | *** | |

## MEMORANDUM

On February 7, 2019, the Court received a self-styled Petition for Writ of Mandamus from Alvin Faulkner, who is self represented, requesting that this Court issue a subpoena duces tecum to the Department of Justice for the "production" of United States Pardon #3011897210, and a subpoena ad testificandum for his person to appear in this Court. ECF 1; ECF 1-3.[1] Faulkner, who states that he is "currently a ward of [the] State of Maryland, housed in a state institution," requests mandamus relief because the "Warden of Western Correctional Institute has denied the execution and authority of United States Pardon #3011897210, issued October 2016." ECF 1 (some capitalization altered).

I shall construe Faulkner's Mandamus Petition as a request to this Court to order the Department of Justice to provide Faulkner and the Court with a copy of United States Pardon #3011897210, and for the Warden of the state institution to release him from confinement, based on the Pardon.

---

[1] The Court received an additional filing that was identical to the instant filing (ECF 2), except for the fact that it was addressed to Judge Nickerson (ECF 2-1). That filing was docketed as a supplement in this case. ECF 2.

Under 28 U.S.C. § 1361, the federal district courts have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or one of its agencies to perform a duty owed to a petitioner. In order to meet the requirements for mandamus relief, a petitioner must show that he has the clear legal right to the relief sought; that the respondent has a clear legal duty to do the particular act requested; and that no other adequate remedy is available. *See In re First Fed. Savings and Loan Ass'n of Durham*, 860 F.2d 135, 138 (4th Cir. 1988); *Asare v. Ferro*, 999 F. Supp. 657, 659 (D. Md. 1998). The failure to show any of these prerequisites defeats a district court's jurisdiction under 28 U.S.C. § 1361. *See Nat'l Ass'n of Gov't Emps. v. Fed. Labor Relations Authority*, 830 F. Supp. 889, 898 (E.D. Va. 1993). Further, the issuance of a writ of mandamus under § 1361 is an extraordinary remedy. *See Carter v. Seamans,* 411 F.2d 767, 773 (5th Cir. 1969) (citations omitted). Even if the three prerequisite elements are satisfied, the mandamus remedy lies within the discretion of the trial court. *See Or. Nat. Resource Council v. Harrell*, 52 F.3d 1499, 1508 (9th Cir. 1995).

Faulkner has failed to make the requisite showing. As to Faulkner's request that the Court compel the Department of Justice to provide him with "United States Pardon #3011897210," Faulkner has not demonstrated that he lacks an alternative adequate remedy, such as corresponding directly with the Department of Justice, submitting a Freedom of Information Act request, or some similar action. To the extent that Faulkner is requesting the Court to compel the Warden to take some action, the Court cannot do so because the Court's mandamus power only extends to federal entities and agents, not state employees. Thus, Faulkner's Petition for Mandamus Relief must be denied.

Additionally, given Faulkner's plainly erroneous belief that he has received a federal pardon regarding his state conviction, the Court finds it necessary to reiterate the following:

[A] "U.S. Pardon" would have no effect in a Maryland state case, as federal pardons and commutations are only applicable for federal offenses. *See* U.S. Const. art. II, § 2, Cl. 1 (stating that the President "shall have Power to grant Reprieves and Pardons for *Offenses against the United States*, except in Cases of Impeachment" (emphasis added)). For Petitioner to be pardoned or have his sentence commuted in the above detailed criminal cases, he would need a pardon from the Governor of Maryland. *See* Md. Const. art II, § 20.

Out of an abundance of caution, the Court has reviewed the docket sheets for Petitioner's criminal cases. It has found no reference to pardons or commutations in either. *See* Maryland Judiciary Case Search, http://casesearch.courts.state.md.us/casesearch/.

*Faulkner v. U.S. Pardon No. 4*, ELH-18-2468, ECF 2 at 2-3.

Further, I note that, despite the fact that Faulkner claims to have received a federal pardon in October 2016, no federal pardons were issued in that month. *See* Pardons Granted by President Barack Obama (2009-2017), https://www.justice.gov/pardon/obama-pardons (noting that in the year 2016, the President issued pardons in January and December). Indeed, during President Obama's entire presidency, he did not grant a single pardon or commutation to anyone with the surname Faulkner. *See id.*; Commutations Granted by President Barack Obama (2009-2017), https://www.justice.gov/pardon/obama-commutations.[2]

Thus, because Faulkner's arguments are without merit, the Petition for Writ of Mandamus shall be denied. A separate Order follows.

<u>February 13, 2019</u>  /s/
Date  Ellen L. Hollander
 United States District Judge

---

[2] The Court may take judicial notice of matters of public record and other adjudicative facts. *See* Fed. R. Evid. 201; *see, e.g.*, *Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015).